UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EVA M. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MONARCH RECOVERY MANAGEMENT, ) | No. 1:13-cv-00418-SEB-MJD |
| INC., ) | |
| DHC CONSULTING SERVICES, LLC, ) | |
| INTERIM CAPITAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO DISMISS**

This matter comes before the Court on Defendants Monarch Recovery Management, Inc., DHC Consulting Services, LLC, and Interim Capital Group's ("Defendants") Motions to Dismiss.[1]  [Dkts. 16, 26, 31.]  For the following reasons, the Court **DENIES** the enumerated motions.

**I. Background**

This matter involves claims brought by Eva M. Green ("Plaintiff") alleging violations of the Fair Debt Collection Practices Act ("FDCPA").  [Dkt. 1 at 1.]  When Plaintiff fell behind on her credit card payments in 2005, the debt collector CACH LLC and its lawyer debt collector made efforts to collect on her debt.  [*Id.* at 3.]  Because of their collection efforts, Plaintiff brought an FDCPA case alleging misconduct, which settled in 2006.  [*Id.*]  At some point after the 2006 settlement, Defendant DHC purchased or obtained Plaintiff's same alleged debt, and

---

[1] The parties consented to the magistrate judge for the limited purpose of ruling on the enumerated motions to dismiss, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  [Dkt. 41.]

Defendant Monarch directly sent Plaintiff, not her attorney on the matter, a collection letter on February 8, 2013. [*Id.* at 4.]

In response to Defendant Monarch's letter, Plaintiff filed claims on March 13, 2013 against Defendants Monarch and DHC for three counts of FDCPA violations. [*Id.* at 4-6.] On April 11, 2013, Defendant Monarch sent Plaintiff a Rule 68 Offer of Judgment that offered Plaintiff a judgment in her favor against both Defendants in exchange for $1,000 in statutory damages, $500 in actual damages, and costs, including but not limited to filing fees and Plaintiff's reasonable attorney's fees, to be determined by the Court. [Dkt. 16-1 at 3.] Pursuant to Federal Rule of Civil Procedure 68, the Offer of Judgment is now considered withdrawn because Plaintiff did not accept the offer within seventeen days (fourteen days per Rule 68, plus three days pursuant to Rule 6(d)), or by April 29, 2013. Instead, on May 1, 2013, Plaintiff filed a Motion for Leave to File Amended Complaint and a Motion to Certify Class, and, on May 3, 2013, Defendants in turn filed their first Motion to Dismiss for Lack of Jurisdiction. [Dkt. 16.]

Although Plaintiff filed her amended complaint on May 1, 2013, which adds Interim Capital Group as a defendant and pleads a class action [dkt. 22], Defendants' "second" Motion to Dismiss reiterates its argument that, as of the April 29, 2013 expiration of the Offer of Judgment, the Court does not have jurisdiction over the amended complaint, and thus it should not be considered in the Court's evaluation of this Motion to Dismiss. [Dkt. 27.] Interim Capital Group also filed its own Motion to Dismiss, joining in Defendants' Motions to Dismiss. [Dkt. 31.] The Court herein addresses all three motions as a whole.

## II. Discussion[2]

---

[2] In the event that the Defendants are correct and Plaintiff's claim became moot upon the expiration of Defendants' Offer of Judgment, the Court would not have jurisdiction over any materials filed with the Court after April 29, 2013. Accordingly, the Court will not consider Plaintiff's Amended Complaint or Motion to Certify Class in its analysis of Defendants' motions to dismiss.

Rule 12 permits a party to assert lack of subject-matter jurisdiction in defense of the claim against it. Fed. R. Civ. P. 12(b)(1). One such way that a claim can fail for lack of subject-matter jurisdiction is when there is "no longer a case or controversy" due to a defendant's offer of judgment that exceeds "the maximum amount in controversy." *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1014 (7th Cir. 1999). Once a plaintiff rejects an offer that could make her whole, the legal dispute upon which federal jurisdiction can be based is eliminated. *Thomas v. Law Firm of Simpson & Cybak*, 244 F. App'x 741, 743 (7th Cir. 2007). In order for an offer of judgment to render a claim moot, however, the defendant must offer "the complete relief sought" by the plaintiff. *Greisz*, at 176 F.3d 1015.

### A. *Defendant's Offer of $1,000 in Statutory Damages*

Plaintiff first argues that Defendants' offer of $1,000 in statutory damages is not sufficient because there are two defendants, not one, named in her original Complaint. [Dkt. 18 at 4.] In response, Defendants argue that, when multiple defendants in an FDCPA claim are jointly and severally liable, the maximum statutory recovery under the FDCPA is limited to a $1,000 maximum. [Dkt. 20 at 2.]

While the parties make several further arguments, the Seventh Circuit, in the interim, has spoken unequivocally on this point: "it appears that the $100 to $1000 range for statutory damages is per suit rather than per transaction." *Hughes v. Kore of Indiana Enter., Inc.*, 13-8018, 2013 WL 4805600 (7th Cir. Sept. 10, 2013). Even before this ruling, however, Judge Barker of this district reiterated that, in the FDCPA context, when multiple defendants act together to produce "a single, indivisible injury, each actor is held jointly responsible." *Conner v. Howe*, 344 F. Supp. 2d 1164, 1169 (S.D. Ind. 2004) (citing to *Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir.1985)). Here, Plaintiff bases her FDCPA claim against Defendants on one solitary collection

letter. [Dkt. 1 at 4.] Accordingly, the Court finds that any injury to Plaintiff is indivisible, and the maximum statutory damages for this suit is $1,000 total, not per defendant.

### B. *Defendant's Offer of $500 in Actual Damages*

Plaintiff then asserts that Defendants' offer of $500 in actual damages would not make her whole:

> Now, seven years after she had been forced to sue Defendants' predecessor-in-interest and its debt collector for their highly improper collection actions, this Bank One zombie debt came lurching back to life to haunt her, with two new entities, Monarch and DHC, now claiming the right to collect it from her, add interest, late fees and other charges and report any forgiveness to the IRS – on a time barred debt!

[Dkt. 18 at 7.] Plaintiff argues that, as a result of this "zombie debt," she has suffered "emotional distress, including feelings of frustration and helplessness" in being made to re-live the prior trauma suffered seven years ago. [*Id.* (citing to the complaint from her settled 2006 case).] In response, Defendants assert that Plaintiff has not sufficiently plead facts supporting actual damages. [Dkt. 20 at 6.]

In support of their Motion to Dismiss, Defendants primarily rely on the precedent set by several cases, which do not bind this court, that are not as akin to this matter as Defendants might hope. In their brief in support of this Motion to Dismiss, Defendants cite to *Gonon v. Allied Interstate, LLC* to support their assertion that Plaintiff's lack of proof of actual damages renders her case moot. [Dkt. 17 at 7.] In *Gonon*, Judge Magnus-Stinson found that the debt collector's offer of judgment of $1,500 plus costs was sufficient, which rendered the plaintiff's FDCPA claim moot. *Gonon v. Allied Interstate, LLC*, 286 F.R.D. 405 (S.D. Ind. 2012). However, Defendants curiously eliminated the word "Further" from the beginning of the paragraph they quoted extensively. The paragraph preceding the one they quoted, in the first sentence of the section on Actual Damages in fact, notes that the plaintiff "does not mention actual damages in

his Complaint." *Id.* at 407.  Although Defendants made a point to quote footnote three, they seem to have skipped over footnote two, which reads "[in Mr. Gonon's settled case], unlike in this case, Mr. Gonon specifically sought 'statutory damages, actual damages, attorney fees, costs, and . . . all other just and proper relief.'" *Id.* at n.2.  In other words, Plaintiff's mere inclusion of the words "actual and statutory damages" in her Complaint distinguishes this case from *Gonon*. [Dkt. 1 at 6.]  Gonon also failed to allege "even any bases" that he was entitled to actual damages, *Gonon*, 286 F.R.D. at 408, whereas here Plaintiff has asserted that the fact that Defendants attempted to collect on a seven-year-old, time-barred, previously settled debt warrants actual damages in an amount greater than $500 [dkt. 18 at 7].  For these reasons, the Court does not, as Defendants assert, find *Gonon* to be "particularly instructive."  [Dkt. 17 at 6.]

Defendants then rely on their analysis of two more cases in their Reply Brief to argue against Plaintiff's claim for actual damages.  [Dkt. 20 at 7-8. (citing to *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803 (N.D. Ill. 2010); *Suszka v. Capital Collections, LLC*, 08-CV-929, 2009 WL 959798 (E.D. Wis. Apr. 8, 2009).]  However, neither of these opinions addresses an FDCPA claim at a comparable evidentiary stage; *Bassett* was decided on a motion for summary judgment, 715 F. Supp. 2d at 806, and *Suszka* was decided on a motion for default judgment, 2009 WL 959798, at *1.  At such a point in the course of litigation, it is the plaintiff's burden to prove, through the evidence acquired during discovery, that she is entitled to actual damages. *See, e.g.*, *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 610 (7th Cir. 2005) ("Ruffin-Thompkins had the burden" to prove "her emotional distress" upon defendant's motion for summary judgment); *House v. Shapiro & Price*, 10-CV-842, 2011 WL 1219247 (E.D. Wis. Mar. 30, 2011) ("Ordinarily, plaintiff has the burden to prove damages," when awarding $1,000 in actual damages on a motion for default judgment on an FDCPA claim).

This Motion to Dismiss is brought by Defendants under Rule 12(b)(1) and alleges a lack of subject-matter jurisdiction. The typical 12(b)(1) motion seen regarding the amount of damages alleged is one that moves to dismiss for lack of federal subject-matter jurisdiction based on the amount in controversy alleged by the plaintiff. 18 U.S.C. § 1332 gives subject-matter jurisdiction to the district courts in "all civil actions where the matter in controversy exceeds the sum or value of $75,000." Although a case will not necessarily go on to garner the amount that a plaintiff originally asserts the case to be worth, the Supreme Court ruled that a court can only dismiss a claim for failure to satisfy the amount-in-controversy requirement when it is apparent "**to a legal certainty** that the claim is for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added). The Seventh Circuit confirmed that this legal certainty standard "is a cousin to the question whether a particular argument is 'frivolous.'" *Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 354 (7th Cir. 1995).

This means that, at this stage of litigation, Plaintiff need only assert a plausible argument that she is entitled to more than $500 in actual damages in order to survive these Rule 12(b)(1) Motions to Dismiss. While the amount of Plaintiff's actual damages is left to a determination by the trier of fact, it is plausible that Plaintiff could have suffered emotional damages in an amount greater than $500 as a result of this "zombie debt" that has come back "to haunt her." [Dkt. 18 at 7.] Accordingly, the Court finds that Defendants' Offer of Judgment did *not* offer the maximum amount in controversy, and therefore the Court **DENIES** Defendants' motions.

### III.  Conclusion

For the aforementioned reasons, the Court **DENIES** Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction. [Dkts. 16, 26, 31.]

Date:   09/16/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@aol.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com