UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EVA M. GREEN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-418-SEB-MJD |
| | ) | |
| MONARCH RECOVERY MANAGEMENT,) | | |
| a Pennsylvania corporation, | ) | |
| DHC CONSULTING SERVICES, LLC, | ) | |
| a Maryland limited liability company, and | ) | |
| INTERIM CAPITAL GROUP, INC., an | ) | |
| Indiana corporation | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER AND DEFENSES
## OF DEFENDANT MONARCH
## RECOVERY MANAGEMENT, INC.

Defendant, Monarch Recovery Management, Inc. ("Monarch"), by counsel, for its

answer and defenses to Plaintiff's Amended Complaint-Class Action ("Amended Complaint"),

states:

## JURISDICTION AND VENUE

1.      The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the

FDCPA, and 28 U.S.C. § 1331.

**ANSWER:**      Paragraph 1 of the Amended Complaint sets forth a legal conclusion for

which a response is not required to be made by Monarch.    To the extent Monarch is required to

respond to paragraph 1 of the Amended Complaint, Monarch denies all allegations that are

inconsistent with the statutes read in their entirety and as the statutes would be interpreted by the

courts.

2.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff Green resides here, and Defendant transacts business here.

**ANSWER:**   Paragraph 2 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations against the other defendants, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   Monarch states that paragraph 2 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 2 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the law and the application of that law to the facts of this case.

## PARTIES

3.      Plaintiff, Eva M. Green ("Green"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Bank One credit card.

**ANSWER**:    Paragraph 3 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations asserted against the other defendants, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   Monarch admits the following allegations of paragraph 3 of the Amended Complaint that Monarch attempted to collect a delinquent debt from Plaintiff, Eva M. Green. By way of further answer to paragraph 3 of the Amended Complaint, Monarch admits that Plaintiff has an Indiana, mailing address.   As to the remaining allegations of paragraph 3 of the

Amended Complaint, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

4.    Defendant, Monarch Recovery Management, Inc. ("Monarch"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Monarch was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**ANSWER:** Monarch at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations set forth in paragraph 4 of the Amended Complaint.

5.    Defendant, DHC Consulting Services, LLC ("DHC") is a Maryland limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, DHC was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**ANSWER**    Paragraph 5 of the Amended Complaint sets forth allegations against another defendant for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to paragraph 5 of the Amended Complaint, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.


6.    Defendant, Interim Capital Group, Inc. ("ICG"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer

debts, including delinquent consumer debts in the Southern District of Indiana. In fact, ICG was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**ANSWER:**    Paragraph 6 of the Amended Complaint sets forth allegations against another defendant for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to paragraph 6 of the Amended Complaint, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

7.    Defendant ICG is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendants Monarch and DHC.

**ANSWER:**    Paragraph 7 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations against the other defendants, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to paragraph 7 of the Amended Complaint, Monarch states that at this time it is without sufficient information to form a belief as to the truth or falsity of those allegations.

8**.**    Defendants Monarch and ICG are each authorized to conduct business in the State of Indiana and maintain registered agents there, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Monarch and ICG conduct business in Indiana.

**ANSWER:**    Paragraph 8 of the Amended Complaint sets forth allegations against another defendant for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those other allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its

answer to paragraph 8 of the Amended Complaint, Monarch states the document referenced speaks for itself.   To the extent Monarch is required to respond to the allegations of paragraph 8 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.

9.      Defendants Monarch and ICG are each licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, Defendants Monarch and ICG act as collection agencies in Indiana.

**ANSWER:**   Paragraph 9 of the Amended Complaint sets forth allegations against another defendant for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those other allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to paragraph 9 of the Amended Complaint, Monarch states the document referenced speaks for itself.   To the extent Monarch is required to respond to the allegations of paragraph 9 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.

## FACTUAL ALLEGATIONS

10.     In 2005, Ms. Green fell behind on paying her bills due to her husband's illness. One such bill was a debt she allegedly owed to Bank One.    At some point in time after that debt became delinquent, another bad debt buyer, CACH, bought Ms. Green's alleged debt from Bank One for pennies on the dollar and thereafter placed that debt for collection with an attorney, The Law Office of Sam Streeter ("Streeter").

**ANSWER:**   Monarch at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations set forth in paragraph 10 of the Complaint.

11.     Alarmed by her treatment by CACH and its lawyer debt collector, Ms. Green consulted an attorney, and on January 19, 2006, one of Ms. Green's attorneys faxed a letter that informed CACH and its lawyer that Ms. Green was represented by counsel, that she disputed the debt and demanded validation of the debt, and that all future communications must go through his office. A copy of this fax is attached as Exhibit C.

**ANSWER:**     For its answer to paragraph 11 of the Complaint, Monarch states the document referenced speaks for itself.    To the extent Monarch is required to respond to paragraph 11 of the Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.    In addition, as to it, Monarch denies the legal effect of the document.

12.     Because of the misconduct in the collection of this debt, on March 15, 2006, Ms. Green sued Streeter in a matter styled <u>Green v. The Law Office Of Sam Streeter</u>, No. 1:06-cv-435-JDT-TAB (S.D. Ind.). This lawsuit again gave notice that Ms, Green was represented by counsel.

**ANSWER:**    Monarch at this time is without sufficient information to form a belief as to the truth or falsity of all those allegations set forth in paragraph 12 of the Complaint.

13.     Moreover, on or before 2011, the debt at issue became time-barred by Indiana's six-year statute of limitations for delinquent credit card debts (Indiana Code § 34-11-2 -- six years from the date of the last activity).

**ANSWER:**    Paragraph 13 of the Complaint sets forth a legal conclusion for which a response is required to be made by Monarch.    To the extent Monarch is required to respond to paragraph 13 of the Complaint, Monarch denies all allegations that are inconsistent with the

statute read in its entirety and as the statute and application thereof would be interpreted by the courts.

14.     Nonetheless, on February 8, 2013, Defendants sent a collection letter directly to Ms. Green. This collection identified the name of the "Creditor" to whom the debt was then owed as "DHC CONSULTING SERVICES, LLC", and then stated that the account had been "transferred to [Monarch's] office for collection by "DHC CONSULTING SERVICES, LLC". A copy this collection letter is attached as Exhibit D.

**ANSWER:**     Paragraph 14 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to paragraph 14 of the Amended Complaint, Monarch states the document referenced speaks for itself.    To the extent Monarch is required to respond to paragraph 14 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.

15.    Plaintiff has learned through counsel that the alleged debt at issue is actually owned by Defendant ICG and that Defendant DHC placed the debt on behalf of ICG for collection by Defendant Monarch.

**ANSWER:**     For its answer to paragraph 15 of the Amended Complaint, Monarch is without sufficient knowledge to admit or deny the contents of this paragraph.    Monarch has no information as to what Plaintiff has learned.

16.    All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

**ANSWER:**   Paragraph 16 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information for form a belief as to the truth or falsity of those allegations.    Monarch admits that the letter in issue was sent within the one-year statute of limitations.

17.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**   Paragraph 17 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to paragraph 17 of the Amended Complaint, Monarch states that paragraph 17 sets forth a legal conclusion for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to paragraph 17 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the Court's interpretation of the statute.

### COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify The Name Of The Current Creditor

18.    Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:** For its answer to paragraph 18 of the Amended Complaint, Monarch incorporates by reference its answers and defenses to paragraphs 1-17 of the Amended Complaint.

19.    Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

**ANSWER:**    Paragraph 19 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    Monarch states that paragraph 19 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to paragraph 19 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

20.    Defendants' letter to Plaintiff failed to state the name of the current creditor because it incorrectly identified Defendant DHC as the creditor; indeed, the actual creditor, Defendant ICG, was mentioned nowhere in Defendants' letter. Thus, Defendants have failed to state the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2) of the FDCPA. See, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

**ANSWER:**    Paragraph 20 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to

paragraph 20 of the Amended Complaint, Monarch states the document referenced speaks for itself.   To the extent Monarch is required to respond to those allegations of paragraph 20 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.   By way of further answer, paragraph 20 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations of paragraph 20 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

21.   Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:**   Paragraph 21 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   Monarch states that paragraph 21 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 21 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**Making A False Statement Of The Name Of Creditor**

22.   Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:**   For its answer to paragraph 22 of the Amended Complaint, Monarch incorporates by reference its answer and defenses to paragraphs 1-17 of the Amended Complaint.

23.   Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

**ANSWER:**   Paragraph 23 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 23 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

24.   Defendants, by falsely stating, in their form collection letter, that the debt was owed to Defendant DHC, when, in fact, it was owed to Defendant ICG, made materially false, deceptive or misleading statements in connection with the collection of a debt that violates § 1692e of the FDCPA.

**ANSWER:**   Paragraph 24 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   For its answer to paragraph 24 of the Amended Complaint, Monarch states the document referenced speaks for itself.   To the extent Monarch is required to respond to those allegations of paragraph 24 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.   By way of further answer, paragraph 24 of the Amended Complaint sets forth a legal conclusion for which a

response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations of paragraph 24 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

25.    Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:**    Paragraph 25 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    Monarch states that paragraph 25 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to paragraph 25 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

**COUNT Ill**
**Violation Of § 1692e(5) Of The FDCPA —**
**Taking An Action That Could Not Be Legally Taken**

26.    Plaintiff adopts and realleges ¶¶ 1-17.

**ANSWER:**    For its answer to paragraph 26 of the Amended Complaint, Monarch incorporates, by reference, its answers and defenses to paragraphs 1-17 of the Amended Complaint.

27.    Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

**ANSWER:**   Paragraph 27 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 27 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

28.   Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, McCollouoh v. Johnson, Rodenburq & Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011). Herkert v. MRC Receivables   Corp., 655 F. Supp 2d 870, 875-76 (N.D. III. 2009); Ramirez v. Palisades Collection   LLC, 2008 U.S. Dist. Lexis 48722, 15-16 (N.D. Ill. 2008); Kimber v. Federal Financial   Corporation, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

**ANSWER:**   Paragraph 28 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 28 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

29.   By sending a collection letter on a time-barred debt, without any warning that the debt was beyond the statute of limitations, Defendants took an action that they could not legally take and/or was otherwise deceptive or misleading, in violation of § 1692e of the FDCPA.

**ANSWER:**   Paragraph 29 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   For its answer to

paragraph 29 of the Amended Complaint, Monarch states the document referenced speaks for itself.   To the extent Monarch is required to respond to those allegations of paragraph 29 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts.   By way of further answer, paragraph 29 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations of paragraph 29 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.   By way of further answer, Monarch denies all allegations.

30.   Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:**   Paragraph 30 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   Monarch states that paragraph 30 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 30 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

**COUNT IV**
**Violation of § 1692c(a)(2) of the FDCPA --**
**Communicating With A Consumer Represented By Counsel**

31.   Plaintiff adopts and realleges ¶¶1-17.

**ANSWER:**   For its answer to paragraph 31 of the Amended Complaint, Monarch incorporates, by reference, its answers and defenses to paragraphs 1-17 of the Amended Complaint.

32.   Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

**ANSWER:**   Monarch states that paragraph 32 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to paragraph 32 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

33.   Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with this debt because her attorney had informed Defendants' predecessor-in-interest, in writing and via a lawsuit, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff (Exhibit C). By directly sending a collection letter to Plaintiff (Exhibit D), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

**ANSWER:** Paragraph 33 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   For its answer to paragraph 33 of the Amended Complaint, Monarch states the document referenced speaks for

itself. To the extent Monarch is required to respond to those allegations of paragraph 33 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the document read in its entirety and as the document would be interpreted by the courts. By way of further answer, paragraph 33 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch. To the extent Monarch is required to respond to those allegations of paragraph 33 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts. By way of further answer, Monarch denies all allegations.

34. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:** Paragraph 34 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch. To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations. Monarch states that paragraph 34 of the Amended Complaint sets forth a legal conclusion for which a response is not required to be made by Monarch. To the extent Monarch is required to respond to paragraph 34 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.

## CLASS ALLEGATIONS

35. Plaintiff, Eva Green, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit D), that Defendants sent to Plaintiff, and as to which the debt was time-barred, from one year before the

date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

     **ANSWER:**   Paragraph 35 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   For its answer to the second sentence of paragraph 35 of the Amended Complaint, Monarch states said sentence sets forth a legal conclusion for which a response is not required to be made by Monarch.   To the extent Monarch is required to respond to those allegations of the second sentence of paragraph 35 of the Amended Complaint, Monarch denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the courts.   The remaining allegations of paragraph 35 of the Amended Complaint do not set forth allegations against Monarch for which a response is required to be made by Monarch.   To the extent Monarch is required to respond to the remaining allegations of paragraph 35 of the Amended Complaint, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.   By way of further answer to paragraph 35 of the Amended Complaint, Monarch reserves the right to challenge Plaintiff's status as class representative and that this matter can proceed forward as a class action.

     36.   Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Green, in their attempts to collect delinquent consumer debts from other persons.

**ANSWER:** Paragraph 36 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to paragraph 36 of the Amended Complaint, Monarch denies all of those allegations.

37.    The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Green.

**ANSWER:**    Paragraph 37 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    For its answer to paragraph 37 of the Amended Complaint, Monarch states at this time it is without sufficient information to form a belief as to the truth or falsity of those allegations.

38.    Plaintiff Green's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** Monarch denies all of those allegations set forth in paragraph 38 of the Amended Complaint.

39.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of

the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:**    Paragraph 39 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    Monarch at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 39 of the Complaint.

40.    Plaintiff Green will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Green has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:**    Paragraph 40 of the Amended Complaint sets forth allegations against the other defendants for which a response is not required to be made by Monarch.    To the extent Monarch is required to respond to those allegations, Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.    Monarch at this time is without sufficient information to form a belief as to the truth or falsity of those allegations set forth in paragraph 40 of the Amended Complaint.

WHEREFORE, Monarch prays that Plaintiff take nothing by way of the Amended Complaint; for costs of this action, and all other proper relief.

### DEFENSES

1.     To the extent Monarch has violated the Fair Debt Collection Practices Act (which is denied), such violation was the result of a bona fide error (15 U.S.C. §1692k).

2.     The Court lacks subject matter jurisdiction.

3.     To the extent Monarch has made a misrepresentation (which is denied), it was not a "material" false or misleading statement and therefore, is not actionable under the FDCPA. Hahn v. Triumph Partnerships, LLC, 557 F. 3d 755 (7th Cir. 2009); Donohue v. Quick Collect, Inc., 592 F. 3d 1027 (9th Cir. 2010).

4.     Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Monarch.

5.     Plaintiff's Complaint fails to state a claim against Monarch upon which relief can be granted.

6.     Monarch did not violate the FDCPA for attempting to collect an alleged time-barred debt.   Freymuth v. Credit Bureau Servs., Inc., 248 F. 3d 767 (8th Cir. 2001).

7.     Plaintiff has not suffered any actual damages.

8.     Therefore, Monarch affirmatively states that Plaintiff's claims against it pursuant to the FDCPA lack any degree of viability and all claims against Monarch should be dismissed or withdrawn.

9.     In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is <u>capped</u> at $1,000 per action, not per violation *or* per defendant.

10.     Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical.

11.     In the event that a class certification is granted, Plaintiff has failed to show that she is adequate to serve as a representative of the class.

12.      Class treatment is grossly inferior to individual treatment in this case.

13.     Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

WHEREFORE, Monarch prays that Plaintiff take nothing by way of her Amended Complaint; for costs of this action and all other proper relief.

KIGHTLINGER & GRAY, LLP


/s/ Peter A. Velde
Peter A. Velde


### CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2013, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David J. Philipps     davephilipps@aol.com
Mary E. Philipps     mephilipps@aol.com
Angie K. Robertson     angiekrobertson@aol.com
PHILLIPS & PHILLIPS, LTD.
9760 South Roberts Road, Suite One
Palos Hills, IL   60465

Steven J. Halbert      shalbertlaw@aol.com
11805 North Pennsylvania Street
AmeriCenters Building
Carmel, IN   46032

s/Peter A. Velde
Peter A. Velde

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
Telephone:   (317) 638-4521