UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EVA M. GREEN Individually and on behalf of all other similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MONARCH RECOVERY MANAGEMENT, )<br>INC. a Pennsylvania corporation, )<br>DHC CONSULTING SERVICES, LLC a )<br>Maryland limited liability company, )<br>INTERIM CAPITAL GROUP, INC. an )<br>Indiana Corporation (Added per Amended )<br>Complaint of 5/23/13.), )<br>)<br>Defendants. ) | No. 1:13-cv-00418-SEB-MJD |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL AFFIRMATIVE DEFENSES**

This matter comes before the Court on Defendant's Motion for Leave to File Additional Affirmative Defenses. [Dkt. 107.] For the following reasons, the Court **DENIES** Defendant's motion.

**I.   Background**

Eva M. Green ("Plaintiff") filed suit against Monarch Recovery Management ("Defendant") on March 13, 2013, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by sending a debt collection letter to Plaintiff despite knowledge that Plaintiff had legal representation. [Dkt. 1 at 4-5; *see* 15 U.S.C. § 1692c(a)(2).] Plaintiff filed its Amended Complaint on May 23, 2013, adding claims for violations of 15 U.S.C. § 1692g(a)(2) (failure to identify the name of the current creditor) and 15 U.S.C. § 1692e (making a false statement of the

1

name of the creditor). [Dkt. 22 at 4-5.] On July 25, 2013, with the parties' agreement, [Dkt. 38],the Court approved a Case Management Plan ("CMP") setting an August 13, 2013 deadline for filing motions for leave to amend the pleadings. [Dkt. 39 at 6.]

Defendant moved to dismiss the suit for lack of subject matter jurisdiction, but the Court denied the motion on September 16, 2013. [Dkt. 51 at 1.] The Court then extended the deadline to answer Plaintiff's Complaint until October 4, 2013. [Dkt. 58.] Defendant filed its Answer on October 3, 2013 and presented thirteen affirmative defenses, including "7. Plaintiff has not suffered any actual damages." [Dkt. 57 at 20-21.]

The Court's CMP set a liability discovery deadline of February 7, 2014; a dispositive motion deadline of March 7, 2014; and an expert and damages discovery deadline of July 14, 2014. [Dkt. 39 at 8.] The Court has extended each of these deadlines: the parties were to complete liability discovery by September 19, 2014; file dispositive motions by October 10, 2014; and complete all discovery by December 9, 2014. [Dkt. 110 at 1.] The parties reported that all liability discovery would be completed prior to the September 19, 2014 deadline. [Dkt. 113.]

Defendant deposed Plaintiff on January 17, 2014. [*See* Dkt. 114 at 6.] Defendant later served requests for admission asking Plaintiff to admit, *inter alia*, that she had no evidence supporting her contention that Defendant's letters and phone calls caused her to suffer fatigue, irritability, ulcers, and missed work time. [*See id.* at 6-9.] Plaintiff responded with denials on July 31, 2014. [*Id.* at 9.] To support the denials, she relied on 1) her January deposition testimony and 2) "digital audio files produced by Monarch" that contained recordings of telephone calls between Plaintiff and Defendant's employees. [*See id.* at 6-9.]

Two weeks later, on August 15, 2014, Defendant filed the current motion to amend its Answer to add four affirmative defenses. [Dkt. 107. at 1-4.] In the motion, Defendant stated it

2

had "located and produced certain audio recordings between an employee and the Plaintiff's husband, and another employee and Plaintiff." [*Id.* at 2.] Based on the information in these recordings, and based on Plaintiff's reliance on this information in her denials, Defendant seeks to amend its Answer to add defenses fourteen through seventeen as follows:

> FOURTEENTH AFFIRMATIVE DEFENSE
> Plaintiff has not suffered any actual damages, and therefore plaintiff lacks standing or capacity to bring or maintain this action.
>
> FIFTEENTH AFFIRMATIVE DEFENSE
> Plaintiff and the putative class members lack standing and/or capacity to either bring or maintain this action, or to obtain the relief sought because, inter alia, (1) plaintiffs, and any putative class members, do not fall within the definition of a "debtor" under the Fair Debt Collections Practices Act; (2) the putative class members did not incur obligations for personal, family, or household purposes, and therefore did not incur a "debt" under the Fair Debt Collections Practices Act; and (3) plaintiffs and any putative class members have not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether plaintiffs seeks only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
>
> SIXTEENTH AFFIRMATIVE DEFENSE
> Upon information and belief, Plaintiff's husband directed Defendant to contact her, Plaintiff subsequently contacted Monarch directly, and therefore Plaintiff consented to contact with Defendant with respect to the balances owed.
>
> SEVENTEENTH AFFIRMATIVE DEFENSE
> Upon information and belief, Plaintiff's husband directed Defendant to contact her, Plaintiff subsequently contacted Monarch directly, and, to the extent that Plaintiff claims she was injured or suffered damage thereby, Plaintiff's claims are barred by the doctrine of unclean hands.

[*Id.* at 7-8.]

## II.     Legal Standard

Defendant must satisfy two separate standards to successfully amend its Answer. First, because the CMP's deadline for amending pleadings has passed, Defendant must satisfy Federal Rule of Procedure 16(b)(4), governing amendments to the Court's scheduling orders. Second, Defendant must satisfy Rule 15(a), governing amendments to pleadings.

Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). This standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The movant must show that the deadline to amend could not have been met despite its diligence. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Rule 15 directs courts to "freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). District courts have discretion to grant leave, but should allow amendments unless there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

Delay alone is insufficient to deny a motion for leave to amend. *Id*. Rather, "[d]elay must be coupled with some other reason," such as "prejudice to the non-moving party," *id.*, or prejudice to the judicial system as a whole. *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988). The movant, however, "bears the burden to show some valid reason" for any neglect or delay in seeking to amend its pleading. *Bank of Am. NA v. Home Lumber Co. LLC*, No. 2:10 CV 170, 2011 WL 5040723, at *2 (N.D. Ind. Oct. 24, 2011).

An amended pleading is futile under Rule 15(a) if it would not survive a motion to dismiss under Rule 12(b)(6). *Id.* at *3; *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir.1997).[1] As with all pleadings, an affirmative defense must present

---

[1] Many Seventh Circuit decisions state that an amendment is futile if it would not survive a motion for summary judgment. *See, e.g., King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir.2007). In these decisions, however, the case had already progressed to the summary judgment stage. Thus, it "would have been incongruous for the court to have defined futility in terms other than the capacity of the amendment to survive summary judgment." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 95 (N.D. Ill. 2008). In this case, in contrast, the parties have not yet moved for summary judgment, and whether the amendment would survive a motion to dismiss is the proper standard. *See Bank of Am.*, 2011 WL 5040723, at *3.

more than "bare bones conclusory allegations." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Thus, a court may deny an amendment that presents such allegations or that is otherwise "insufficient on its face." *Bank of Am.*, 2011 WL 5040723, at *3.

### III. Discussion

Defendant argues it should be allowed to amend its Answer because it has uncovered "new information" supporting additional defenses. [Dkt. 107 at 2.] It relies on Plaintiff's July 31, 2014 response to Defendant's request for admissions and claims that it only recently became aware of the information in the audio files referenced in those responses. [*Id.*] Defendant also notes that fact discovery remains open and claims (without elaboration) that no prejudice would result if the Court grants its motion. [*Id.* at 3.]

Plaintiff responds that none of the information on which Defendant bases its motion is "new" information and notes that Defendant had possession of the audio files at issue even before this litigation began. [Dkt. 112 at 4.] Plaintiff also contends she will suffer prejudice if Defendant adds the new defenses because "all parties have already been deposed" and Plaintiff will "not have an adequate opportunity to take discovery" on the additional defenses. [*Id.* at 6.] In reply, Defendant reiterates that it only recently learned of the information in the files and emphasizes that it seeks to conform the pleadings to the evidence it has uncovered. [Dkt. 114 at 4.]

### A. Rule 16(b) Analysis

The Court's deadline for amending the pleadings was August 13, 2013, and the Court already granted Defendant an extension until October 4, 2013 to file an answer. [Dkt. 39, 58.] Those deadlines are long past, and Defendant must show "good cause" for

altering the Court's CMP. Fed.R.Civ.P. 16(b)(4). The Defendant has failed to make this showing, and its motion may be denied in its entirety for that reason alone.

First, the audio files that contain the allegedly "new" information on which Defendant bases its motion are not "new" at all. Defendant itself acknowledges that the audio files contain conversations between Plaintiff and Defendant's own employees, [Dkt. 107 as 2], indicating Defendant had reason to know of the information at the time the files were made. Also, as Plaintiff notes—and as Defendant tacitly concedes—Defendant itself created the audio files and had the files in its possession before Plaintiff even filed this lawsuit. [Dkt. 112 at 4.] The suggestion that Defendant did not review its own recordings of its employees' communications with Plaintiff—in a case relating directly to those communications—suggests dilatory case preparation very far from the "diligence," *Trustmark*, 424 F.3d at 553, that is required to prevail on the instant motion.

Second, the July 31, 2014 discovery responses that purportedly unveiled the new information did not refer only to the audio files; rather, each of Plaintiff's denials also directed Defendant to Plaintiff's deposition testimony from January 17, 2014. [Dkt. 114 at 6-9.] Thus, to the extent Defendant's new defenses are based on information cited in the discovery responses, that information was available to Defendant at the time of the January 17, 2014 deposition. Defendant could have moved to amend the pleadings at that time; instead, Defendant waited seven months. Again, this does not suggest the sort of "diligence" required to establish good cause for altering the Court's CMP.

Finally, Monarch argues in reply that its "proposed additional affirmative defenses all rest upon the fact that Plaintiff suffered no calculable or out-of-pocket actual damages." [Dkt. 114 at 2.] Defendant, however, already pled the affirmative defense that

plaintiff suffered no actual damages in its Answer, filed on October 3, 2013. [Dkt. 57 at 20-21.] Defendant thus has no basis for alleging that its affirmative defenses rest on new information. Its *own pleadings* reveal that *nearly one year ago* it had the information upon which "all" its "proposed additional affirmative" defenses rest, and it therefore could have asserted these defenses before the (already extended) deadline to answer Plaintiff's Complaint had passed. Because Defendant could have met the original deadlines, it has not established "good cause" for altering the CMP, *see Tschantz*, 160 F.R.D. at 571, and Defendant's motion to amend its Answer is **DENIED**.

### B. Rule 15(a) Analysis

Even if Defendant had established good cause for altering the CMP, Defendant would need to meet the requirements of Rule 15(a). As previously noted, a court may deny an amendment under Rule 15(a) based on "undue delay" and "prejudice to the opposing party." *Dubicz*, 377 F.3d at 792. Defendant argues that courts have "roundly recognized that a defendant" may add defenses based on "new information." [Dkt. 107 at 2.] Courts, however, have also recognized that such "new information" does *not* include that which could have "reasonably been discovered any earlier." *Howard-Ahmad v. Chicago Sch. Reform Bd. of Trustees*, No. 99 C 4687, 2001 WL 197852, at *2 (N.D. Ill. Feb. 27, 2001) (*citing Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir.1992)). Because the audio files in question in this case were in Defendant's possession prior to the filing of this lawsuit, Defendant could and should have discovered the information therein earlier, and thus has not presented a "valid reason," *Bank of Am.*, 2011 WL 5040723, at *2, for its delay.

Further, although delay alone is insufficient to deny an amendment, *Dubicz*, 377 F.3d at 793, Plaintiff in this case argues that allowing the amendments would "prejudice" her by foreclosing an "adequate opportunity to take discovery." [Dkt. 112 at 6.] Defendant acknowledged this argument in its reply brief, [Dkt. 114 at 2], but did not dispute Plaintiff's claims. The instant motion was filed thirty-five days prior to the close of liability discovery and only two days prior to the deadline to serve any written discovery relating to liability issues. [Dkt. 39 at 7 n.1; Dkt. 110 at 1.] Also, as noted above, the Court has already extended the deadlines in this case, and further delay would burden the public interest in swiftly resolving disputes. *See Tamari*, 838 F.2d at 909. The Court thus finds a sufficient combination of prejudice and undue delay to justify denying the amendments.

Finally, certain of Defendant's proposed affirmative defenses would be futile, and may be denied under Rule 15(a) for that reason. *See Dubicz*, 377 F.3d at 792.

Defendant's Fourteenth Affirmative Defense is that "Plaintiff has not suffered any actual damages, and therefore plaintiff lacks standing or capacity to bring or maintain this action." [Dkt. 107 at 7.] This defense is almost identical to Defendant's previously pleaded Seventh Affirmative Defense: "7. Plaintiff has not suffered any actual damages." [Dkt. 57 at 20-21.] To the extent that it adds a claim that Plaintiff lacks standing, the proposed defense is futile because "standing is not an affirmative defense under federal law." *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003). If Defendant wishes to challenge Plaintiff's standing, it may do so through a motion to dismiss. *Id.* As Defendant describes in its reply brief, however, it has already done so. [Dkt .114 at 2-3]. And in fact, the Court has already denied this motion, [Dkt. 51], underscoring the futility of attempting to reassert the "defense" at this stage.

Defendant's Fifteenth Affirmative Defense alleges that Plaintiff did not incur a "debt" within the meaning of the FDCPA and (again) that Plaintiff lacks standing, this time because Plaintiff did not suffer an "injury in fact." [Dkt. 107 at 7.] The allegation that Plaintiff did not incur a debt, however, is the sort of "bare bones conclusory allegation[]" that is insufficient to present an affirmative defense. *Heller*, 883 F.2d at 1295. Also, as described above, Defendant should raise the claim that Plaintiff lacks standing not as an affirmative defense, but as a motion to dismiss.

Because the above defenses are futile, motion for leave to add these defenses may be denied for this reason in addition to Plaintiff's failure to otherwise meet the requirements of Rule 16(b) and Rule 15(a).

## IV.    Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion for Leave to File Additional Affirmative Defenses [Dkt. 107.]

Date:  10/01/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@aol.com

Paul Gamboa
GORDON & REES LLP
pgamboa@gordonrees.com

Craig J. Mariam
GORDON & REES, LLP
cmariam@gordonrees.com

Ryan T. Brown
GORDON & REES, LLP
rtbrown@gordonrees.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHLIPPS, LTD.
angiekrobertson@aol.com