IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Eva M. Green, individually and on behalf of all other similarly situated | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:13-cv-418-SEB-MJD ) |
| Monarch Recovery Management, Inc., a Pennsylvania corporation, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN
SUPPORT OF MOTION TO RECONSIDER**

Plaintiff, Eva M. Green ("Green"), individually and on behalf of all others similarly situated, hereby replies in support of her Motion to Reconsider Order Denying Class Certification (Dkt. 119):

**INTRODUCTION**

Despite eleven pages of argument, Defendant Monarch Recovery Management ("Monarch") failed to address two key issues: 1) an Order granting or denying class certification may be altered or amended at any time, see, Fed.R.Civ.P. 23(c)(1)(C); and 2) Monarch's argument about the need for individualized hearings is factually incorrect – information concerning the last payment date on the accounts of the putative class members, and whether any partial payments were made (they were not) are available from Monarch's own records, and no such individual inquiry is needed. Plaintiff has met all of the requirements of Fed.R.Civ.P. Rule 23 and Plaintiff's Motion to Reconsider should be granted.

## BACKGROUND

On September 3, 2013, Plaintiff filed her Amended Motion for Class Certification. (Dkt. 48, 49). Thereafter, due to Defendant Monarch's multiple objections to her discovery requests, Ms. Green was forced to file two Motions to Compel (Dkt. 63 and 74). On January 31, 2014, Defendant Monarch filed its Response in Opposition to Class Certification (Dkt. 73) and on February 14, 2014, Plaintiff filed her Reply in support of Class Certification. (Dkt. 76). Thereafter, on March 11, 2014, Plaintiff filed a Motion for Leave to Cite Supplemental Authority regarding the Seventh Circuit's holding in McMahon v. LVNV Funding, 744 F.3d 1010 (7th. Cir. March 11, 2014) (Dkt. 83), which this Court then granted on April 4, 2014 (Dkt. 92).

On April 24, 2014, in granting Plaintiff's Motion to Compel, the Court required Monarch to produce, amongst other things, detailed account notes as to the putative class by May 15, 2014, see, Dkt. 95. On May 22, 2014, Defendant Monarch produced account notes, late and with insufficient details, thus requiring the parties to hold an additional Rule 37 conference regarding the insufficiency of Monarch's responses, see, Dkt. 126, p. 5 and n.3. On June 16, 2014, Defendant Monarch produced its Second Supplementary Discovery Responses, which included detailed account notes.

After Plaintiff's counsel's initial analysis of the account notes, and subsequent inquiries made to Monarch's counsel, it took nearly another three months, until August 27, 2014, to clarify which of the individuals on the lists provided by Monarch in May 2014 and then June 2014, were actually in the class. A summary of the dates of last payment listed in Defendant's account notes for the putative class is attached as Exhibit A. It is important to note that, at all times relevant to the briefing of the class certification

motion, Monarch had access to its own records, showing the date of last payment on the accounts at issue.

On September 26, 2014, this Court issued an Order denying class certification (Dkt. 117) and, later that day, Plaintiff filed her Motion to Reconsider pursuant to Federal Rules of Civil Procedure Rule 60. In its Response, Monarch argues that Plaintiff has failed to allege new evidence or controlling law that would merit a motion to reconsider (Dkt. 126, p. 4-7), and that Plaintiff has not met the requirements of Rule 23(b) because individual issues predominate the common issues (Dkt. 126, p. 8-11).

Rulings on class certification in class action suits, however, are tentative, and can be revisited by the district court as changed circumstances require. Fed. R. Civ. P. 23(c)(1)(C), see, Butler v. Sears, Roebuck & Co., 727 F.3d 796, 798 (7th Cir. 2013). Moreover, Plaintiff has grounds for a motion to reconsider because Defendant did not produce its account notes until well after the briefing for class certification had been completed, and because neither this Court's Order, nor Defendant's response to Plaintiff's Motion to Reconsider, dealt with the Seventh Circuit's rulings in McMahon and Phillips v. Asset Acceptance, 736 F.3d 1076 (7th Cir. 2013).

Plaintiff has met all of the requirements of Fed.R.Civ.P. Rule 23 and Plaintiff's Motion to Reconsider should be granted.

## I.   The Court May Always Re-Visit The Issue of Class Certification And May Certify Sub-Classes

Defendant Monarch argues that Plaintiff's Motion for Reconsideration was improper, pointing to the limited nature of Fed.R.Civ.P. Rule 60. (Dkt. 126, p. 4-7). As the Seventh Circuit held in Butler, rulings on class certification are tentative, and can be revisited by the district court as changed circumstances require, see, Butler, 727 F.3d at

798, citing, Advisory Committee Notes to 2003 Amendment of Rule 23(c)(1)(C); see also, Fed. R. Civ. P. 23(c)(1)(C); Amgen Inc. v. Connecticut Retirement Plans & Trust Funds, 133 S. Ct. 1184, 1202 n. 9 (2013); Johnson v. Meriter Health Services Employee Retirement Plan, 702 F.3d 364, 370 (7th Cir. 2012); Young v. Fortis Plastics, 294 F.R.D. 128, 137 (N.D. Ind. 2013); Lace v. Fortis Plastics, 295 F.R.D. 192, 203 (N.D. Ind. 2013).

Pursuant to Rule 23(c)(1)(C), this Court is clearly permitted, at any time, to reconsider its order denying class certification, particularly in light of the recently produced discovery -- Defendant Monarch's account notes (Ex. A).

Moreover, class certification of subclasses is not only permitted under Fed. R. Civ. Pro 23(c)(5), but it is encouraged in the Seventh Circuit, see, Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 820 (7th Cir. Ill. 2010); Butler, 727 F.3d at 801. Federal courts do not certify "across-the-board" classes but, rather, pursuant to Fed.R.Civ.P. 23(c)(5), are able to certify subclasses, see, Bergquist, 592 F.3d 816, 820, see also, Fed. R. Civ. Pro 23(c)(5). The named plaintiff's claim must be typical of the claims held by persons being represented. Id. Here, as Ms. Green's debt was beyond the statute of limitations, her claim is typical of both the larger class, and the smaller subclass, of out-of-statute debts.

In Bergquist, which involved a consumer's accusation that a collection law firm and the National Arbitration Forum were unlawfully associated, the consumer plaintiff filed a class action demanding that arbitration awards be set aside for all others who had arbitrated with the same collection law firm and the National Arbitration Forum, see, Bergquist, 592 F.3d 816, 817. The defendant argued that because judgments had been issued in state court for many class members, and because Rooker-Feldman doctrine

prohibits federal courts from interfering with state court judgments, individual issues predominated see, Bergquist, 592 F.3d 816, 819.  On appeal, the Court held that because the named plaintiff's claim was not barred by Rooker-Feldman, the district court needed to determine whether the putative class, when divided into subclasses, contained a subclass of individuals for whom a judgment had been vacated or dismissed, as it had for the named plaintiff, see, Bergquist, 592 F.3d 816, 820.

Similarly, in Butler, a breach of warranty suit regarding defective washing machines, the defendant argued that individual issues as to the defects and injuries caused by the washing machines predominated over common issues, thus preventing class certification.  Seventh Circuit held that:

> It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require that every member of the class have identical damages. If the issues of liability are genuinely common issues, and the damages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses, the fact that damages are not identical across all class members should not preclude class certification. Otherwise defendants would be able to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits.

Butler, 727 F.3d at 801.

In Phillips, an FDCPA class action lawsuit involving unlawful, time-barred small claims collection suits for utility debts, the Seventh Circuit discussed whether differences in individual damages would render class certification impossible, citing the above language from Butler in its entirety, see, Phillips, 736 F.3d at 1083.  In remanding the case, the Seventh Circuit directed the district court to use subclasses rather than to deny class certification outright, see, Phillips, 736 F.3d at 1083-1084.  Although Defendant argues that "predominance" is not discussed in Phillips, the Seventh Circuit

5

cited Butler in its decision in Phillips, and Butler dealt directly with the issue of predominance, see, Butler, 727 F.3d at 801. Defendant's argument as to predominance is simply wrong.

Here, the account notes Monarch produced, well after Plaintiff's Motion for Class Certification was fully briefed, demonstrate that there are 112 putative class members, all of whom received the letter misstating the name of the creditor, and that s subclass exists of 84 of these putative class members, for whom Monarch's letter was also an illegal attempt to collect a debt barred by the Indiana statute of limitations. The putative class and the subclass can be easily distinguished, using evidence that has already been produced in discovery, see, Exhibit A. Based on the Seventh Circuit's holdings in Bergquist, Butler, and Phillips, this Court should certify a main class of the 112 individuals who received Monarch's letter, and a subclass of the 84 individuals whose debts were time-barred --- individual inquiries are not necessary, see, Butler, 727 F.3d at 801; Bergquist, 592 F.3d at 819; Phillips, 736 F.3d at 1083-1084. Therefore, class certification as to the misidentification of the creditor main class and the time-barred debt collection subclass should be granted.

**II.  Defendant's Account Notes Demonstrated That Common Issues Predominate For The Statute of Limitations Claim For The Putative Class**

The statute of limitations in Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2-7(1), is six years from the date of the last activity; see also, Smither v. Asset Acceptance, LLC, 919 N.E.2d 1153, 1158 (Ind. Ct. App. 2010). An attempt to collect a debt which is barred by the statute of limitations is a false, unfair misrepresentation of the legal status of a debt which violates §1692e of the

6

FDPCA, see, Phillips, 736 F.3d at 1083-1084; McMahon, 744 F.3d at 1020.

In Phillips, the Seventh Circuit held that a class of consumers from a single state, Illinois, whose debts were time-barred could be certified, so long as the district court utilized a subclass for putative class members with actual damages, see, Phillips, 736 F.3d at 1083. Moreover, in McMahon, the Seventh Circuit held that a collection attempt of a time-barred debt need not threaten a lawsuit in order to violate the FDCPA, see, McMahon, 744 F.3d at 1020. Clearly, as to Ms. Green, whose debt was time-barred under Indiana law, as has been repeatedly confirmed by Defendant's records, the February 8, 2013 letter violated §1692e. Debts for the overwhelming majority of the putative class were also plainly time-barred, see, Ex. A.

Defendant, in its Response, argues that Phillips is not on point with this matter because the matter was regarding filed lawsuits and because the holding involved the Illinois statute of limitations, see, Dkt. 126, p. 9. These are distinctions without a difference. Although the Indiana statute of limitations is six years, pursuant to Ind. Code §34-11-27, whereas the Illinois statute is 5 years, or 4 for a debt owed for services, they both have the same legal significance for debts that are beyond the applicable statute. Moreover, the holding in McMahon establishes that a collection letter for a time-barred debt, especially one with an offer of settlement -- as Defendant's letter contains here -- could mislead an unsophisticated consumer into believing that he could still be lawfully sued for the debt, see, McMahon, 744 F.3d at 1020.

In it Response in opposition to class certification, Defendant Monarch argued that:

> The statue of limitations in Indiana for credit card accounts is six years. Ind. Code § 34-11-2-7. The accrual date of the statue is a highly

7

> fact-sensitive inquiry as a partial payment may constitute an admission of continued indebtedness, restarting the statute, so long as the partial payment is accompanied by circumstances amounting to an unqualified acknowledgement that more monies are due on the account or contract. Clark v. University of Evansville, 784 N.E.2d 943, 945 (Ind.Ct.App. 2003) (internal quotations and citations omitted).  Thus, under Indiana law, analysis of the statute of limitations/time-barred debt issue will require an analysis of both (1) when the last payment was made; (2) and the specific circumstances surrounding that payment to determine whether it qualifies as a "new" promise to pay sufficient to restart the statute of limitation.
>
> Moreover, it is not at all clear that Indiana law provides the applicable statute of limitations to all class members.  Green notes a six year statute under state law in her amended complaint, but she has not alleged or brought forth sufficient facts to show that all potential class members' claims are governed by the Indiana statue.  Additional fact inquiries will need to be made into circumstances of the original debt in order to identify the applicable statute of limitations in the first instance.
>
> The Court must deny class certification as to the out-of-statue/time-barred issue as common questions of fact do not predominate over individual issues.  The cases are going to turn on the facts of the underlying debt, its default, and the time and circumstance f any payments made after default.  Thus, even if the Court determines that Green is an appropriate class representative despite her lack of knowledge and her unshared individual claims, there is a lack of predominance on the out of statue debt question that mandates denial of class certification.

(Dkt. 73 at pp. 10-11)

Monarch's argument was wildly disingenuous.  At all times relevant to the briefing of the class certification motion, Monarch had access to its own records -- the account notes of the putative class -- showing the date of last payment on the accounts at issue. Thus Monarch knew, when it proffered its hypothetical argument, that it just was not true in this case – no putative class members with time-barred debts had made partial payments.  Monarch also knew, from its own records -- the records it kept from Plaintiff for months and had to be dragged from Monarch's grasp via multiple motions to compel -- that the impediments it cited to this Court to class certification simply did not exist in

this case -- beyond Monarch's idle speculation.[1]

Indeed, Monarch has not presented even a scintilla of evidence, beyond mere speculation, that any of the individualized inquiries – either as to partial payments or as to the applicable statute of limitations -- are, in fact, necessary.  In Walker v. Equifax Check Services, No. IP-98-0885-C-D/F (S.D.Ind. 1999)(Entry dated April 28, 1999) (attached as Exhibit B), Judge Dillin sagely rejected a similar argument raised by a debt collector as to the need for individualized inquiries.  At issue were two different claims as to which the debt collector argued that individualized inquiries were necessary: whether the debts were business debts, and whether a threat to file suit was false as to each class member.  Walker, Exhibit B at pp. 11-14.

Judge Dillin rejected both arguments, noting that the debt collector had documented nothing contrary to the plaintiff's allegations.  Walker, Exhibit B at p. 13; see, also, Lau v. Arrow Financial Services, 245 F.R.D.620, 626 (N.D.Ill. 2007)(the evidence required for the proposed class is general and objective; putative class member either did or did not receive the from letter from the debt collector after their debt was discharged in bankruptcy and putative subclass members either were or were not told to provide proof of their bankruptcies; individualized inquiry as to whether class member were mislead is not necessary); Jenkins v. Palisades Acquisition XVI, 2009 U.S. Dist LEXIS 28627 (N.D.Ill. 2009)(a class action lawsuit is most appropriate when similar debt collection letters were sent to numerous residents of the state; there is no

---

[1] As the Seventh Circuit recently noted, in Malin v. Hospira, 762 F.3d 552 (7th Cir. 2014), misrepresentations of the record to the court do not comport with parties' duty of candor and a litigation strategy, based on the hope that the district court will not take time to check the record, is both costly and wasteful, since if a court rules in a party's favor based on mischaracterizations of the record, the judgment will in all likelihood be appealed, overturned and returned to the district court.  Malin, 762 F.3d at [*31]-[*32].

need to conduct an individual review of the cardholder agreements of each individual class member).

Although this Court agreed that any attempt to collect a time-barred debt would be prohibited by the FDCPA, it expressed concern that class certification for the statute of limitations claim would be impossible without individualized inquiries (Dkt. 117, p. 8). Defendant's collection notes, however, extinguish the need for individual inquiries because the date of last payment for each putative class member is listed, thus demonstrating that, for a subclass of 84 individuals, no partial payments within the previous six years before Defendant's collection letter were made, see, Exhibit A[2]. Thus, this Court should reconsider its September 26, 2014 Order and grant class certification as to main class of 112 individuals, and a subclass of 84 individuals for whom Monarch's collection letter was an unlawful attempt to collect a time-barred debt.

### III. The Same Questions Of Law And Fact Predominate Over Individual Issues Regarding Monarch's Misidentification Of The Creditor.

Defendant Monarch sent every member of the putative class a letter which failed to identify the actual creditor to whom the debt is owed and which falsely identified the creditor to whom the debt was owed, in violation of §§1692g(a)(2) and §1692e of the FDPCA. This Court found that Ms. Green has satisfied burdens of numerosity, commonality, typicality and adequacy of representation, see, Fed. R. Civ. Pro. 23(a). (Dkt. 117, p. 4-7). Moreover, this Court found that Ms. Green had met the burden of 23(b)(3) for her claims regarding misidentification of the creditor, see, Dkt. 117, p. 8.

---

[2] Of the subclass of 84, one individual appears to have settled his debt in full, but this was not until May of 2014, well after Defendant sent the collection letter at issue.

Therefore, Plaintiff clearly met the burden of Rule 23 as to the misidentification of the creditor and, therefore, class certification as to this claim ought to have been granted.

Defendant Monarch, in its Response to Plaintiff's Motion for Reconsideration, makes no argument whatsoever against class certification as to its misidentification of the creditor, see, Dkt. 126, p. 1-13. Rather, Defendant merely argues that Plaintiff's alternative request that this Court certify the class as to only Counts I and II of Plaintiff's Amended Complaint -- Class Action was improper. (Dkt. 126, p. 11). As noted above, however, the Seventh Circuit has held that rulings on certification are tentative, and can be revisited by the district court as changed circumstances require, see, Butler, 727 F.3d at 798. Thus, it would be entirely appropriate for the Court to either certify a class on the issue of misidentification of the creditor, or certify that same class, with a sub-class of those individuals whose debts were also time-barred.

WHEREFORE, Plaintiff, Eva M. Green, individually and on behalf of all others similarly situated, respectfully requests that this Court reconsider the order denying class certification (Dkt. 117) in this matter.

    Respectfully Submitted,

    Eva M. Green, individually and on behalf
    of all others similarly situated,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: October 24, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)

## **CERTIFICATE OF SERVICE**

      I, David J. Philipps, an attorney, hereby certify that on October 24, 2014, a copy of the foregoing **Plaintiff's Reply In Support Of Motion For Reconsideration** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

## **SERVICE LIST**

Paul Gamboa                    pgamboa@gordonrees.com
Gordon & Rees LLP
One North Franklin Street
Suite 800
Chicago, Illinois 60606


<u>/s/ David J. Philipps</u>
David J. Philipps     (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com