**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Eva M. Green, individually and on            )
behalf of all others similarly situated,      )
                                              )
    Plaintiff,                             )
                                              )
    v.                                     )      No.   1:13-cv-418-SEB-MJD
                                              )
Monarch Recovery Management, Inc.,            )
a Pennsylvania corporation,                   )
                                              )
    Defendant.                             )

**PLAINTIFF'S RESPONSE TO DEFENDANT MONARCH'S**
**OBJECTION TO MAGISTRATE JUDGE'S ORDER**
**DENYING LEAVE TO FILE ADDITIONAL AFFIRMATIVE DEFENSES**

Plaintiff, Eva M. Green, individually and on behalf of all others similarly situated,

hereby responds to Defendant Monarch Recovery Management's ("Monarch")

Objection to the Magistrate Judge's order denying it leave to file additional affirmative

defenses (Dkt. 132):

**FACTUAL BACKGROUND**

Plaintiff's initial Complaint in this matter was filed on March 13, 2013, alleging,

inter alia, that Defendants contacted her, despite knowing that she was represented by

counsel, in violation of § 1692c of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq. ("FDCPA").  (Dkt. 1 at ¶¶ 18-21).  Shortly thereafter, Plaintiff's complaint

was amended, on May 23, 2013, to include claims on behalf of herself and the class --

for failure to identify the creditor to whom the debt was owed and falsely stating the

name of the current creditor (Dkt. 22 at ¶¶ 18-25), as well as attempting to collect a

1

time-barred debt (Dkt. 22 at ¶¶ 26 – 30); the claim that Defendants contacted her, despite knowing she was represented by counsel, remained.  (Dkt. 22 at ¶¶ 31-34). Thus, Defendants have been aware of this claim from the inception of this lawsuit.

Pursuant to the Case Management Plan entered in this matter, all motions for leave to amend the pleadings were due on or before August 13, 2013 (Dkt. 39 at p. 6); a motion to stay all CMP dates was denied on March 7, 2014 (Dkt. 82).

Nonetheless, on August 15, 2014 – more than a year after any motions to amend the pleadings were due -- Monarch sought to add four additional affirmative defenses to the thirteen affirmative defenses it has already pled – many of which are not even affirmative defenses at all (Dkt. 57 at pp. 20-21).  Specifically, Defendant Monarch sought to add as affirmative defenses:

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual damages, and therefore plaintiff lacks standing or capacity to bring or maintain this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members lack standing and/or capacity to either bring or maintain this action, or to obtain relief sought because, *inter alia*, (1) plaintiffs, and any putative class members do not fall within the definition of a "debtor" under the Fair Debt Collection Practices Act; (2) the putative class members did not incur obligations for personal, family , or household purposes, and therefore did not incur a "debt" under the Fair Debt Collection practices Act; and (3) plaintiffs and any putative class members have not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether plaintiffs [sic] seeks only statutory damages.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's husband directed Defendant to contact her, Plaintiff subsequently contacted Monarch directly, and

2

therefore Plaintiff consented to contact with Defendant with respect to the balances owed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's husband directed Defendant to contact her; Plaintiff subsequently contacted Monarch directly, and, to the extent that Plaintiff claims she was injured or suffered damages thereby, Plaintiff's claims are barred by the doctrine of unclean hands.

(Dkt. 107-1).

On October 1, 2014, the Magistrate Judge denied Monarch's motion to add additional affirmative defenses, finding that Monarch had failed to show "good cause" for altering the CMP dates well past the deadlines, and that its motion could be denied for that reason alone (Dkt. 121 at pp 5-6).  The Magistrate Judge also found that the alleged "new" information was not new at all – the audio files that ostensibly formed the basis for its new defense had been in Monarch's possession since they were made, by Monarch, and the failure to review its own recordings in a case relating directly to those communications ". . . suggests dilatory case preparation very far from the 'diligence,' . . . that is required to prevail . . ." on its motion.  (Dkt. 121 at p. 6).

Moreover, the Magistrate Judge noted that Plaintiff's denials concerning Defendant's requests to admit and discovery responses also directed Defendant to Plaintiff's January 17, 2014 deposition, and that Defendant could have moved to amend to pleadings seven months earlier.  Ibid.  The Magistrate Judge found that :

Defendant thus has no basis for alleging that its affirmative defenses rest on new information.  Its *own pleadings* reveal that *nearly one year ago* it had the information upon which "all" its "proposed additional affirmative" defenses rest, and it therefore could have asserted these defenses before the (already extended) deadline to answer Plaintiff's Complaint had passed.  Because Defendant could have met the original deadlines, it has not established "good cause: for altering the CMP, see, *Tschantz* [*v.*

3

*McCann*], 160 F.R.D. [568] at 571 [N.D.Ind. 1995], and Defendants motion to amend its Answer is **DENIED**.

(Dkt. 121 at p. 7, emphasis in original).

Furthermore, the Magistrate Judge found that Monarch failed to meet the requirements of Fed.R.Civ.P. Rule 15(a), because Monarch had failed to show that it had a valid reason for its delay: while noting that a defendant may add new defenses based on new information, the Court pointedly noted that "new information" does not include information which could have reasonably been discovered earlier, and that allowing Monarch to add additional defenses so close to the close of discovery – which had already been extend -- would result in prejudice to Ms. Green.  (Dkt. 121 at pp. 7-8).  Finally, the Magistrate Judge noted that Defendant's proposed additional affirmative defenses were, in any case, futile, because they were either duplicative of ones already raised, or addressed issues of standing, which were more properly the subject of a motion to dismiss --, which, the court noted, had been filed and denied. (Dkt. 121 at pp. 8-9).

Defendant now asks this Court to set aside Magistrate Judge Dinsmore's thorough and well-reasoned analysis, and denial, of Monarch's request for leave to file four additional affirmative defenses (in addition to its initial thirteen affirmative defenses, each of which is stated in conclusory fashion without any facts to back them up, see, Dkt. 57 at pp. 20-21).[1] and allow it to file said affirmative defenses.  Defendant

---

1 An affirmative defense is raised in a responsive pleading, which, in effect, admits the essential allegations of the complaint but asserts additional matter barring relief, see, Parker v. Rockies Express Pipeline LLC, 2012 U.S.Dist. LEXIS 144289 at [*4](S.D.Ind. 2012)(Barker, J.).  Most of Defendant Monarch Affirmative Defenses (Dkt. 57 at pp. 20-21; Dkt. 107-1) are either not defenses at all and/or are merely tautological assertions unsupported by a single factual allegation. Under the Supreme Court's holdings in

4

however, has failed to identify how that  Order that is "clearly erroneous" or contrary to

law  (Dkt. 132) and its Objection should be overruled and denied.

## ARGUMENT

Fed.R.Civ.P. 72 provides that, as to pretrial orders on nondispositive matters,

which have been referred to a Magistrate Judge to hear and decide, the district judge in

the case ". . . must consider timely objections and modify or set aside any part of the

order that is **clearly erroneous** or is **contrary to law**", <u>see</u>, Fed.R.Civ.P. 72(a)

(emphasis added).  A finding is clearly erroneous when, after considering the entire

record, the reviewing court has been definitely and firmly convinced that a mistake has

been made, <u>see</u>, <u>Babchuk v. Indiana University Health, Inc.</u>, 2014 U.S.Dist. LEXIS

149086 at [*6] (S.D.Ind. 2014), <u>citing</u>, <u>Kidd v. Illinois State Police</u>, 167 F.3d 1084, 1095

(7th Cir. 1999). A conclusion of law is "contrary to law" where the magistrate judge fails

to apply or misapplies relevant statutes, case law or rules of procedure, <u>see</u>, <u>Pain

Center of Indiana v. Origin Healthcare Solutions</u>, 2014 U.S.Dist. LEXIS 31772 at [*7]

(S.D.Ind. 2014).

Defendant Monarch has failed to identify a single part of the Magistrate Judge's

Order that is "clearly erroneous" or "contrary to law".  (Dkt. 132)  Instead, Monarch's

believes that the Magistrate Judge ". . . glossed over the liberal standard governing

---

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-1954, 173 L.Ed.2d 868 (2009) and <u>Bell Atlantic
Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964-1970, 167 L.Ed.2d 929 (2007),
such pleadings, without any factual detail, are clearly insufficient.  As this Court noted in
<u>Parker</u>, ". . . an 'everything but the kitchen sink' defense . . ." is "both lazy and
meritless".  <u>Parker</u>, 2012 U.S.Dist. LEXIS 144289 at [*8].  More importantly, except for
Defendant Monarch's first affirmative defense, none of these defenses have a basis in
a statutory cause of action: the only defense to a violation of the FDCPA is set forth in
the statute, namely a properly pled <u>bona fide</u> error defense under § 1692k(c) of the
FDCPA.

motions seeking leave to amend pleadings, overemphasized any prejudice that Plaintiff might realistically have suffered were Defendants' motion granted, and improperly denied Defendants' timely motion to have its pleading conform with those proofs that have been adduced thus far." (Dkt. 132).  In other words, in its exercise of discretion, the Magistrate Judge did not find in Monarch's favor and Monarch would prefer that it do so.  This is a far cry from the Fed.R.Civ.P. Rule 72(a) standard requiring a finding that the Magistrate Judge's order was clearly erroneous and contrary to law.

## I.  The Fact The Plaintiff Intends To Rely On Her Own Testimony To Prove her Case Is Not "New Information"

Defendant Monarch deposed Ms. Green on January 17, 2014, at which time Ms. Green was questioned extensively about her actual damages -- the fatigue, irritability and ulcer flare-ups Defendant's illegal collections actions caused her, see excerpt of deposition, attached as Exhibit A at p. 72, ln. 3 to p. 79, ln. 1.  At this time, Monarch clearly had the opportunity to ask her whether she intended to rely on anything other than her own testimony to support her assertion that Defendant's conduct had caused her actual damages.   It should not have come as a surprise to Defendant that Ms. Green would rely on her own testimony concerning her actual damages -- Defendant Monarch had ample notice of this fact.  Indeed, if Ms. Green had any documents concerning her actual damages, they would have been provided as part of her Rule 26(a) disclosures.

Monarch argues, however, that until it received responses (on July 31, 2014) to the written discovery requests it had only served on Ms. Green on June 17, 2014 (months after her deposition)m ". . . defense counsel was unaware that such testimony

6

would be the only proof upon which Plaintiff would be relying to evidence actual damages until its receipt of those written discovery responses" on August 15, 2014. (Dkt. 132 at p. 4).  The fact that Defendant waited months to serve written discovery requests on Ms. Green, when it could have done so more than a year earlier does not establish "good cause" for its year-long delay in moving to amend its answer.

Likewise, Defendant's claim that Plaintiff's "formal acknowledgment" that she would rely on the audio tapes Defendant finally produced on July 29, 2014 (materials that Monarch should have produced at the onset of litigation, pursuant to Fed.R.Civ.P. 26(a)(1)(ii)), is somehow "new information"  warranting the addition of new affirmative defenses (Dkt. 132 at p. 5) is nonsense.   Defendant's proposed Sixteenth and Seventeenth affirmative defense relate directly to those audio tapes -- it is information Defendant has had in its possession *since before this lawsuit* was filed --  and Defendant was aware of this information before it filed its answer to Plaintiff;  *nothing* set forth in affirmative defenses Sixteen and Seventeen is remotely "new".[2]  Nothing prevented Monarch from including these affirmative defenses in their initial Answer, and it has simply not demonstrated that good cause exists to excuse its failure to do so for nearly a year.

---

2   Defendant Monarch claims, in its proposed affirmative defenses, that Ms. Green's husband "directed" Monarch to talk to her.  In fact, Monarch's collector improperly called and asked to speak to Ms. Green; when she started to talk about attempting to collect a debt, Mr. Green told her to call back after 6 pm to speak to his wife.  The phone call was already improper when it was made -- § 1692c requires the prior consent of the consumer to initiate contact after the debt collector knows the consumer is represented by counsel, not the consumer's spouse, see, 15 U.S.C. § 1692c(a).  Moreover, as the audio recordings show, as soon as Mrs. Green determined that a debt collector was calling, she repeatedly told the debt collector that she was represented by counsel.

## II.     Monarch's Objection Fails To Address The Magistrate's Multiple Grounds For Denying Its Motion

The Magistrate Judge set forth multiple grounds for denying Defendant

Monarch's motion:

-- Monarch had failed to show "good cause" for altering the CMP (Dkt. 121 at pp 5-6);

-- the alleged "new" information was not new at all – the audio files had been in Monarch's possession since they were made (Dkt. 121 at p. 6);

-- Defendant had the information it needed concerning actual damages after Ms. Green's January 17, 2014 deposition, and could have moved to amend to pleadings seven months earlier (Dkt. 121 at p. 6);

-- Monarch's own pleadings reveal that it had the information upon which "all" its "proposed additional affirmative" defenses rest nearly one year ago, and thus it could not establish "good cause" (Dkt. 121 at p. 7);

-- Monarch failed to meet the requirements of Fed.R.Civ.P. 15(a), because Monarch had failed to show that it had a valid reason for its delay (Dkt. 121 at pp. 7-8); and

--  Monarch's proposed additional affirmative were futile because they were either duplicative of ones already raised, or addressed issues of standing, which were more properly the subject of a motion to dismiss -- which had already been filed and denied (Dkt. 121 at pp. 8-9).

Rather than address these issues -- particularly the futility of its proposed

affirmative defenses -- Monarch's argues that no prejudice would result to Plaintiff.

(Dkt. 132 at pp. 6-7).   As the Magistrate Judge noted in his Order, Plaintiff argued, in

responding to Defendant's initial motion, that she would be prejudiced because

Monarch's proposed amendments to its Answer at this late stage of the proceedings

would not allow her an adequate opportunity to take discovery.  (Dkt. 121 at p. 8).  The

Magistrate Judge further noted that, in its Reply, Monarch acknowledged this argument

8

-- but did not dispute it.  Ibid.  Much like its proposed amendments to its Answer, Monarch's attempt to claim now that Ms. Green would not be prejudiced is too little, too late.  Moreover, Monarch has also failed to show that the Magistrate Judge's finding related to the prejudice to Plaintiff was clearly erroneous and contrary to law, as required by Fed.R.Civ.P. Rule 72(a) standard.

Although Defendant Monarch claims that no prejudice would have resulted to Plaintiff had its motion for leave to add additional affirmative defenses been granted (Dkt. 132 at pp. 6-8), that is simply not true.   All parties had already been deposed, and the already-extend discovery period has closed (Dkt. 39 at p. 6); dispositive motions have been filed. (Dkt. 124, 127).  Plaintiff now does not have any opportunity to take discovery on these "new" affirmative defenses.

## CONCLUSION

Defendant Monarch's additional affirmative defenses were not based on any "new" information, are not affirmative defenses at all under the FDCPA, and are untimely and futile, and its motion for leave to add additional defenses was properly rejected by the Magistrate Judge.  In its objection, Defendant Monarch has failed to identify how that  Order that is "clearly erroneous" or contrary to law  (Dkt. 132), and thus Defendant's objection should be overruled and denied.

Respectfully submitted,

Eva Green, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Date:  November 3, 2014

9

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I, David J. Philipps, an attorney, certify that a copy of the foregoing **Plaintiff's Response to Defendant Monarch's Objection to Magistrate Judge's Order Denying Leave to File Additional Affirmative Defenses** was filed electronically on November 3, 2014.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Paul Gamboa                              pgamboa@gordonrees.com
Ryan T. Brown                            rtbrown@gorsonress.com
Gordon & Rees, LLP
One North Franklin
Suite 800
Chicago, Illinois 60606


Craig J. Mariam                          cmariam@gordonrees.com
Gordon & Rees, LLP
101 West Broadway
Suite 200
San Diego, California 92101


Steven J. Halbert                        shalbertlaw@aol.com
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032


<u>/s/ David J. Philipps</u>

David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com