## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| EVA M. GREEN,<br><br>         Plaintiff,<br><br>    vs.<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br>a Pennsylvania corporation,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)   CASE NO. 1:13-CV-418-SEB-MJD<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S REPLY IN SUPPORT OF ITS OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING IT LEAVE TO FILE ADDITIONAL AFFIRMATIVE DEFENSES

Defendant Monarch Recovery Management, Inc. ("Monarch"), by and through its attorneys, Gordon & Rees, LLP, for its reply in support of its objection to the Magistrate Judge's October 1, 2014 Opinion and Order denying its motion for leave to file additional affirmative defenses, respectfully states as follows:

### INTRODUCTION

Despite Plaintiff's assertion to the contrary, Monarch clearly identified that the Magistrate Judge's October 1, 2014 Order denying Monarch's motion for leave to assert additional affirmative defenses was "clearly erroneous" or "contrary to law." More specifically, Monarch articulated that the Magistrate's denial of leave for Defendant to file four additional affirmative defenses disregarded the liberal standard that is applied when considering motions for leave to amend, in order to further the ends justice. Monarch respectfully maintains that the ruling does not promote justice in this case, and has forced Monarch to forego valid defenses to Plaintiff's claim.

## ARGUMENT

### I.    _Monarch has demonstrated "good cause" under Rule 16._

Plaintiff's argument that Monarch failed to show "good cause" here ignores a salient fact raised by Monarch's original motion, which was that the August 3, 2013 deadline for amending pleadings had already expired before Monarch had even filed its answer and initial affirmative defenses.[1]  Obviously, at that point, the parties not started engaging in discovery.  As such, the deadline imposed by the Case Management Plan represented, by any practical measure, a premature bar to allowing the parties to comport their pleadings to evidence supportive of any claims or defenses subsequently established through the discovery process.

Despite Plaintiff's assertion to the contrary, Monarch has shown "that despite their diligence the time table could not have reasonably been met." _Tschantz v. McCann_, 160 F.R.D. 568, 571 (N.D. Ind. 1995), citing _Forstmann v. Culp_, 114 F.R.D. 83, 85-86 (M.D.N.C. 1987); and 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1, at 231. (2nd ed. 1990) ("Good cause" means scheduling deadlines cannot be met despite party's diligence.).  After the filing of Monarch's answer and initial affirmative defenses, this litigation has moved apace, and the parties have diligently engaged in the discovery process.   Under such circumstances, Monarch has established "good cause" for seeking leave to assert additional affirmative defenses prior to the fact discovery closure date, in advance of the dispositive motion deadline, and well in advance of the scheduled trial in this matter.

---

[1] That responsive pleading was not filed until October 3, 2013.  _Docket entry_ #57.

II.     ***Rule 15's liberal standard favors the granting of Monarch's motion for leave to amend.***

Rule 15(a)'s liberal pleading standard allows for amendments at virtually any time during the course of litigation.  *Shotts v. Bombardier, Inc.,* 2006 U.S. Dist. LEXIS 43298, * 3-4 (S.D. Ind. June 8, 2006) (Baker, J.) (internal citation omitted).   A court, however, may deny leave where undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility exists.  *Id.* at *4.

A.     **Plaintiff's admission that she would be relying on Monarch's recordings as evidence of her actual damages constituted "new" information.**

Monarch very respectfully avers that Magistrate Judge Mark Dinsmore erred in concluding that Defendant was not in possession of any "new" information necessary to validate its request for leave to file additional affirmative defenses.   As was outlined in Monarch's original motion seeking leave, the new information obtained by Monarch was not the recordings of conversations between its employees and Plaintiff and her husband themselves.   Rather, the new information received by Monarch was Plaintiff's express representation, as attested to in her denials to Monarch's request to admit, that she would be relying on those audio recordings as evidence of her actual damages. These denials, and Plaintiff's averment that the audio recordings somehow constitute proof of her claimed actual damages in the notable absence of any documentary evidence to that effect, certainly qualifies as "new information."  It again should be stressed that Plaintiff's responses to Defendants written discovery requests were not served until July 31, 2014, and Monarch timely filed its motion seeking leave to assert four new affirmative defenses two weeks later.

With regards to the Magistrate Judge's finding that there was a lack of new information, the Court relied on two decisions which are readily distinguishable from the facts of this case.

For instance, in *Howard-Ahmad v. Chicago Sch. Reform Bd. of Trustees*, plaintiff's motion for leave to amend her complaint for a third time was denied where it was brought months after the discovery closure date, and after a fully briefed summary judgment motion was already on file. *Howard-Ahmad v. Chicago Sch. Reform Bd. of Trustees*, 2001 U.S. Dist. LEXIS 2054, *8-9 (N.D. Ill. 2001) (Guzman, J.).  In *Figgie Int'l Inc. v. Miller*, plaintiff's motion for leave to amend was denied after it belatedly attempted to amend after judgment was entered against it.  *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992)

Again, at the time Monarch filed its motion, fact discovery remained open and the depositions of those collectors whose conversations were captured on the recordings that will apparently be relied upon by Plaintiff at trial were scheduled to proceed on September 15, 2014. That Monarch filed its motion promptly upon learning that these recordings constituted proof of actual damages and arranged for the depositions of those witnesses while fact discovery remained open are critical factors.  That Monarch promptly moved to amend upon learning this new information is supportive of its motion being granted here.

**B.     Plaintiff's deposition testimony alone would not have alerted Monarch to the viability of those additional affirmative defenses it now seeks leave to plead and prove.**

The Magistrate Judge's ruling was based, in part, on the Court's conclusion that Monarch possessed the information necessary to seek its amendment after Ms. Green's deposition on January 17, 2014.  In this connection, Plaintiff's suggestion that Monarch should not be surprised by her intention to rely on her own testimony suggesting that these conversations were degrading enough to constitute evidence of actual injury misses a critical point of Defendant's argument. As is highlighted above, it was not until Monarch's receipt of Plaintiff's written discovery responses that it learned that Plaintiff had no documentary evidence indicative of actual damage,

and that she would instead be relying on audio recordings of those conversations.  Given the objectively and unambiguous inoffensive conversations captured in those audio recordings, Monarch could not have reasonably anticipated that they would constitute Plaintiff's evidentiary support for the actual damages claimed.  Monarch was simply not on notice of the Plaintiff's intention to rely on the audio recordings until it received her denials to its request to admit. Monarch then acted promptly, moving the Court for leave to file four additional affirmative defenses.

Monarch steadfastly maintains that its defenses should not be jeopardized when it promptly filed a motion for leave to assert additional affirmative defenses, including those pertaining to Plaintiff's lack of standing and inability to establish that she suffered an injury in fact.  The information received by Monarch by way of Plaintiff's responses to its requests for admission of fact was confirmation that Plaintiff has no admissible, evidentiary support that she sustained any actual injury.

### C.   Monarch denies that it unduly delayed moving the Court for the request leave, and stresses that even assuming delay, generally, delay alone is insufficient grounds for the denial of a motion to amend.

Plaintiff's assertion that Monarch could have issued written discovery requests earlier is not well taken.  Monarch has vigorously and diligently defended against Plaintiff's claims, and this is not an instance where litigation has languished for years due to some kind of defendant delay tactics.   Instead, Monarch has complied with this Court's discovery deadlines, or has otherwise requested, often jointly, the appropriate extensions of same.  Defendant has timely issued and responded to written and oral discovery requests in compliance with such deadlines, and has issued requests to admit in an attempt to separate the wheat from the chaff and narrow issues at trial.  Plaintiff's suggestion that written discovery requests "could have" been issued

sooner improperly implies that Monarch should defend this case according Plaintiff's design as opposed to the Court's deadline. Furthermore, delay alone generally will not serve as a sufficient basis for denying a motion to amend. *Tamari v. Bache & Co. S.A.L.,* 838 F.2d 904, 909 (7th Cir. 1988).

While Monarch steadfastly denies engaging in any delay tactics, it maintains that any delay between Plaintiff's deposition and the filing of its motion for leave to amend, standing alone, does not justify the Magistrate Judge's denial of its motion for leave to file additional affirmative defenses. Such a delay is not so unduly dilatory, especially considering that discovery remained open, as to preclude Monarch's ability to plead additional affirmative defenses.

### D.    Monarch's proposed additional affirmative defenses are not "futile."

Magistrate Judge Dinsmore's Opinion and Order held that Monarch's fourteenth affirmative defense (that Plaintiff has not suffered any actual damages, and therefore lacks standing or capacity to bring or maintain this action) is almost identical to Defendant's previously-pled seventh affirmative defense that Plaintiff suffered no actual damages. Judge Dinsmore additionally opined that the proposed fourteenth and fifteenth affirmative defenses, expanding on the contention that Plaintiff lacks standing because she has not suffered any actual damage or injury in fact, was futile.

"Futility" at the pleading stage is a high hurdle. *Schaefer-LaRose v. Eli Lilly & Co.,* 2008 U.S. Dist. LEXIS 25293, *4 (S.D. Ind. Feb. 25, 2008) (Baker, J.). Proposed allegations are futile only if they would fail to state a claim upon which relief could be granted. *Wallace v. Free Software Found, Inc.*, 2006 U.S. Dist. LEXIS 53003, *11 (S.D. Ind. Mar. 20, 2006) (Tinder, J.).

Lack of subject-matter jurisdiction has been recognized as a "defense to a claim for relief,[2]" and standing is an issue that goes directly to the heart of subject-matter jurisdiction.  *See, e.g., Morrison v. YTB Int'l., Inc.*, 649 F.3d 533, 535 (7th Cir. 2011) ("standing is a jurisdictional requirement, derived from the case-or-controversy language in Article III").   As was acknowledged in Judge Dinsmore's October 1, 2014 Order, he previously denied Monarch's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b) as premature, as it was plausible that Plaintiff could allege have suffered emotional damages in an amount greater than $500.00.  *Docket entry* #51.  As Defendant contends that discovery has not established precisely the opposite, Monarch merely seeks to preserve these intertwined, yet not entirely identical, defenses.  Given the interconnectedness of these defenses, Plaintiff cannot credibly claim to be unfairly surprised or unduly prejudiced.  Any argument that the proposed affirmative defenses suffer from a potential weakness does not equate to futility sufficient to deny Defendant's motion.  *Eli Lilly & Co. v. Wockhardt Ltd*., 2010 U.S. Dist. LEXIS 137659, *11 (S.D. Ind. Dec. 30, 2010) (Baker, J.) (internal citation omitted).  Accordingly, Monarch should be granted leave to file its additional affirmative defenses, and afforded an opportunity to pursue these defenses on the merits.

## CONCLUSION

Given the liberal pleading standard underpinning Rule15, that motions for leave to amend should be freely granted when justice so requires, Monarch respectfully avers that justice requires the granting of its motion for leave to amend its affirmative defenses, including its fourteenth, fifteenth, sixteenth and seventeenth affirmative defenses.  For the foregoing reasons, Defendant respectfully requests that the Court vacate the Magistrate Judge's October 1, 2014 Order denying that motion.

---

[2] Fed. R. Civ. 12(b).

November 13, 2014                          Respectfully submitted,


                                           By:  /s/ Paul Gamboa
                                                *Attorney for Defendant*
                                                *Monarch Recovery Management, Inc.*


Paul Gamboa (ARDC #6282923)
GORDON & REES LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
Telephone: (312) 565-1400
Facsimile:  (312) 565-6511

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on November 13, 2014, a true and complete copy of the *Defendant's Reply in Support of its Objection to Magistrate Judge's Order on Motion for Leave to File Additional Affirmative Defenses* was served upon the following counsel of record via the United States District Court for the Southern District of Indiana's CM/ECF system:

David J. Philipps
Mary E. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com
mephilipps@aol.com

Respectfully submitted,


By: /s/ Paul Gamboa_____

*Attorney for Defendants*
*Monarch Recovery Management, Inc.*

Paul Gamboa, IL ARDC #6282923
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
Fax: (312) 565-6511