IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Eva M. Green, individually and on behalf of all other similarly situated )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Monarch Recovery Management, Inc., )<br>a Pennsylvania corporation, )<br>)<br>Defendant. ) | No.  1:13-cv-418-SEB-MJD |

**PLAINTIFF'S REPLY IN SUPPORT
OF HER MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Eva M. Green ("Green"), individually and on behalf of all others similarly situated, hereby replies in support of her Motion for Summary Judgment (Dkt. 124, 125):

**INTRODUCTION**

Defendant sent Ms. Green a form debt collection letter to collect on a time-barred debt, which stated that the creditor to whom she owed a debt was DHC Consulting Services ("DHC") , when, in fact DHC had never owned the debt; the debt was owned, instead, by Interim Capital Services ("Interim"), which was mentioned nowhere in the letter.  (Pl.'s SMF at ¶¶ 8-10, 12).  These actions unequivocally violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

Summary judgment should be granted in favor of  Ms. Green and the class she seeks to represent as to all counts of her Amended Complaint—Class Action (Dkt. 22). Plaintiff has thoroughly addressed the claims at issue in this matter and will not rehash those arguments here, but rather incorporates by reference her Memorandum in Support of Summary Judgment (Dkt. 125) and her Response to Defendant's motion for

summary judgment. (Dkt. 140). Plaintiff here replies to the claims Defendant raised in responding to Plaintiff's motion for summary judgment concerning its purported <u>bona fide</u> error defense.

## UNDISPUTED MATERIAL FACTS

The parties are in agreement as to the majority of the facts in this matter, although disputes remain as to the significance of some facts, <u>see</u>, Dkt. 141, Def.'s Response to Plaintiff's SMF No.s 7, 13, 17, 18, 21-24, 26. The Parties agree that Monarch President Diane Mazzacano designed the DHC Loading Placement instructions, loaded the first portfolio from DHC herself, then did not load any placements from DHC between June, 2011 and February 7, 2013, when the Monarch "lost" the employee who had been loading such placements for the past year and a half, <u>see</u>, Dkt. 141, Def.'s Resp. to SMF No.s 14, 17. Monarch agrees that Ms. Mazzacano missed an important two-part step in the loading process: sorting the spreadsheet by the name of the creditor and saving separate spreadsheets for each individual creditor, <u>see</u>, Dkt. 141, Def.'s Resp. to SMF No.s 13, 14, 15. This error caused 2,500 collection letters for an entire portfolio of debts to state erroneously that they were owed to DHC Consulting Services when, in fact, none of the debts were actually owed to DHC, <u>see</u>, Dkt. 141, Def.'s Resp. to SMF No.s 8, 9, 10, 15.

The undisputed evidence also demonstrates that Monarch made an additional error by failing to consult DHC's key to decode the three-letter abbreviation of the name of the creditor before saving each file, <u>see</u>, Dkt. 122-7, p. 82, lns. 13-24 (Monarch disagrees that this additional error was made, <u>see</u>, Dkt. 141, Def.'s Resp. to SMF No.

2

21, but it quite clearly was.)  The letters "DHC" on the spreadsheet actually represented another creditor, Ascension Services, see, Dkt. 122-7, p. 82, lns. 13-24. Despite DHC's testimony that it does not own any debts whatsoever, Defendant Monarch argues to the contrary, based solely on the testimony of Ms. Mazzacano, the individual who had committed the series of errors. see, Dkt. 141, Def.'s Resp. to SMF No. 21.

Regardless of how many steps of its own instructions Monarch disregarded during the process of loading this portfolio, Defendant agrees that the instructions themselves constituted the *sole* precaution taken against data entry errors  -- no one else proofs the work of the individual who loads the spreadsheet, no samples are taken before letters are sent to consumers, and there are no computer system alerts or checkboxes reminding users to confirm they followed each step (i.e., such as those used by Pacer to confirm that filers have redacted personal information), see, Dkt. 141, Def.'s Resp. to SMF No.s 18-20, 26; Dkt. 141-4.

Moreover, Defendant Monarch does not dispute that at the time of its collection letter, over seven years had passed since Ms. Green had last made a payment on her debt, see, Dkt. 141, Def.'s Resp. to SMF No. 12.  Although Defendant disputes the admissibility of its account notes for the portfolio at issue, which clearly state the date of last payment for each account, it agrees that Ms. Mazzacano testified that the majority of the debts in the portfolio were 7-8 years old, see, Dkt. 141, Def.'s Resp. to SMF No. 24.  Moreover, Defendant agrees that it testified that it did not use any guidelines in its system or collection practice as to the various statutes of limitation for each state, see,

3

Dkt. 141, Def.'s Resp. to SMF. No. 25.[1]

## ARGUMENT

Defendant claims that, even if Ms. Green can prove that its collection activities violated the FDCPA, it is shielded from liability by the bona fide error defense, see, 15 U.S.C. §1692 (Dkt. 141, p. 12). Defendant, however, has only demonstrated that it maintained instructions for data entry, not that it maintained any reasonable processes or procedures to prevent errors made during the process of data entry, see, Dkt. 141, p. 12; see also, Dkt. 141-4 ("DHC Loading Placements"). Defendant Monarch has not even met its burden for pleading the affirmative defense of bona fide error, see, Jenkins v. Heintz, 124 F.3d 824, 834 (7th Cir. 1997), let alone proven by a preponderance of the evidence that it is entitled to it.

### I. Monarch's "DHC Placement Loading Instructions" Are Merely Instructions, Not A Process Or Procedure To Avoid Errors In Following Those Instructions.

The FDPCA is a strict liability statute, but provides that a debt collector can avoid liability by proving an affirmative defense of bona fide error by demonstrating that the violation: (1) was unintentional, (2) resulted from a bona fide error, and (3) occurred **despite the debt collector's maintenance of procedures reasonably adapted to**

---

[1] Monarch also agrees that Interim, the creditor who owned Ms. Green's debt, was aware that she was represented by an attorney as to her debt, see, Dkt. 141, Def.'s Resp. to SMF No. 7, but argues that Interim somehow hid this information from both it and the debt aggregator, DHC, even though Monarch does not and cannot dispute that Interim provided DHC with its account notes, which included the name, phone number and email of Ms. Green's counsel, Steve Halbert, see, Dkt. 125-3; Dkt. 141, Def.'s Resp. to SMF No. 7. Moreover, Defendant agrees that Monarch designed the loading protocol for accounts from DHC and never requested information regarding attorney representation, see, Dkt. 141, Def.'s Resp. to SMF No. 17.

**avoid such error**, see, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 559 U.S. 573, 578 (2010) Kort v. Diversified Collection Services, 394 F.3d 530, 537 (7th Cir. 2005); Jenkins v. Heintz, 124 F.3d 824, 834 (7th Cir. 1997); see also, 15 U.S.C. §1692k(c).

Here, Defendant pled no facts in support of its bona fide error defense, see, Dkt. 57, p. 20.  Only after several Rule 37 conferences and a Motion to Compel (Dkt. 74, 95) did Monarch eventually produce the instructions it created to load spreadsheets sent by DHC: "DHC Loading Placements", see, Dkt. 141-4. Instructions, however, are not a "process or procedure reasonably adapted" to prevent such error, i.e., Ms. Mazzacano's *failure to follow* those instructions.

As is set forth in greater detail in Ms. Green's Response to Defendant's Motion for Summary Judgment (see, Dkt. 140, pp. 18-19), there are any number of simple procedures Monarch could have implemented to ensure that the instructions were actually followed -- ranging from computer system alerts to double check each step before finalizing the load, running a test batch of collection letters to confirm accuracy before a mailing, or having a second individual proof the work.  Monarch has shown that it implemented no processes or procedures to prevent the multiple errors that occurred here, see, Dkt. 141, Def.'s Resp. to SMF No.s, 14, 15, 18, 19, 20, and 21.

**II.  Summary Judgment Should Be Granted In Favor Of Ms. Green Due To Defendant's Failure to Adequately Plead Its Defense Of Bona Fide Error.**

Defendant oddly argues that Plaintiff should have filed a Motion to Strike its bona fide error defense instead of arguing that the bona fide error defense should be denied

5

on summary judgment (see, Dkt. 141, pp. 10-11). Monarch, however, has never even adequately pled its defense of bona fide error because the loading instructions it eventually produced cannot be equated to processes or procedures reasonably adapted to avoid the type of errors that led to the misidentification of Ms. Green's creditor.

More importantly, this is simply not true, as is evidenced by a plethora of FDCPA case law granting summary judgment in favor of consumers where collectors have inadequately demonstrated that they meet the requirements of a bona fide error defense, see, Karr v. Med-1 Solutions, LLC, 2014 U.S. Dist. Lexis 63424, at [*15-16] (S.D. Ind. May 7, 2014) (LaRue, J.)(granting partial summary judgment in favor of the consumer plaintiff); (Leeb v. Nationwide Credit Corporation, 2013 U.S. Dist. Lexis 167558 at [*11-12] (N.D. Ill. 2013)(Bucklo, J.)(granting summary judgment to the consumer plaintiff); see also, Engelen v. Erin Capital Management, 544 Fed. Appx. 707, 2013 U.S. App. LEXIS 22359, at [*3](9th Cir. 2013)(the district court's grant of summary judgment for the defendant collector was reversed and remanded because the Ninth Circuit found that the procedures and processes employed were *not* reasonably adapted to avoid the particular error that had occurred with the consumer plaintiff's account.); Currier v. First Resolution Investment Corp., 762 F.3d 529, 537-538 (6th Cir. 2014)(the district court's grant of summary judgment to the defendant collector was reversed and remanded because the defendant failed to demonstrate that maintained any procedures to avoid its erroneous lien where a judgment against the consumer had been vacated). Clearly, summary judgment is an appropriate time for this Court to consider the merits of Defendant's bona fide error defense.

Moreover, Monarch continues to characterize its multiple failures to follow its own instructions as a "clerical error" which was "promptly corrected", see, Dkt. 141, p. 12.  In fact, Monarch's errors were not "clerical" in nature, such as the use of the wrong letterhead or the misspelling of a name; the errors were a systematic failure to follow its own instructions -- mistakes which no processes or procedures were in place to prevent.  Importantly, Defendant has never provided evidence, nor has it even argued, that its error was corrected.  In fact, Defendant agreed that it never provided any notice of its error to the 2,500 individuals who received collection letters that had wrongfully identified DHC has the creditor, and failed to include the correct creditor, see, Dkt. 141, Def.'s Resp. to SMF No. 20.

By failing to take corrective action after it learned of the mistake, Monarch's allegedly unintentional error became intentional, see, e.g., Canady v, Wisenbaker Law Offices, 372 F.Supp. 2d 1379, 1384 (N.D.Ga. 2005)(rejecting a debt collector's bona fide error defense because it continued to pursue litigation in the wrong venue, even after it learned that venue was improper).  Therefore, Defendant Monarch cannot rely on the bona fide error defense, and summary judgment in favor of Ms. Green as to Monarch's violations of §§1692g(a)(2) and1692e should be granted.

## CONCLUSION

Defendant's form debt collection letter violated § 1692g(a)(2) of the FDCPA because it failed to state the name of the creditor to whom the debt was owed, and violated § 1692e of the FDPCA because it falsely identified the wrong name.  Moreover, Defendant cannot dispute that it attempted to collect debts that were barred by the

statute of limitations, in violation of §1692e(5) of the FDPCA.  Defendant maintained <u>no</u> processes or procedures to prevent these multiple violations of the FDCPA, thus, it is not entitled to the <u>bona</u> <u>fide</u> error defense.  Finally, Defendant clearly attempted to collect a debt from Ms. Green when it knew, or should have known, that she was represented by counsel.  Summary judgment should be granted in favor of Ms. Green and the putative class as to all counts of her Amended Complaint – Class Action.

                Eva M. Green, individually and on behalf of all others similarly situated,

                By: <u>/s/ David J. Philipps</u>
                One of Plaintiff's Attorneys

Dated:  December 19, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 South Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com

8

## CERTIFICATE OF SERVICE

      I, David J. Philipps, an attorney, hereby certify that on December 19, 2014, a copy of the foregoing **Plaintiff's Reply In Support Of Her Motion For Summary Judgment** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul Gamboa                      pgamboa@gordonrees.com
Gordon & Rees LLP
One North Franklin Street
Suite 800
Chicago, Illinois 60606


/s/ David J. Philipps
David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com