UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EVA M. GREEN Individually and on behalf of all other similarly situated,　　　　　Plaintiff,　　vs.　　MONARCH RECOVERY MANAGEMENT, INC. a Pennsylvania corporation,　　　　　Defendant. | )<br>)<br>)<br>)<br>)　　1:13-cv-00418-SEB-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

This cause is now before the Court on Plaintiff's Motion for Reconsideration [Docket No. 119], filed September 26, 2014, pursuant to Rule 60 of the Federal Rules of Civil Procedure. Plaintiff Eva Green requests that we reconsider our September 26, 2014 Order Denying Plaintiff's Motion to Certify Class [Docket No. 117]. For the reasons detailed below, we <u>DENY</u> Plaintiff's motion to reconsider.

Plaintiff moved for reconsideration of our September 26, 2014 Order Denying Plaintiff's Motion for Class Certification on the same day the order was issued. Motions to reconsider are to be used in limited circumstances "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)

(internal quotation marks and citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Motions to reconsider are not, however, designed to resubmit arguments that the court has already considered and rejected, *Jones v. C & D Tech., Inc.*, No. 1:11-cv-1431-JMS-DKL, 2014 WL 1233239, at *4 (S.D. Ind. Mar. 25, 2014), or to "'introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Disagreement with the court's legal analysis is also not a basis for reconsideration. *Boone v. Marberry*, 2:09-cv-221-WTL-TAB, 2010 WL 883770, at *1 (S.D. Ind. Mar. 8, 2010) (citing *Marques v. Fed. Res. Bank of Chi.*, 286 F.3d 1014, 1018-19 (7th Cir. 2002)).

     Here, the speed with which this motion was filed – literally, on the day our order was issued – suggests an unavailing purpose. Ms. Green has not pointed to any newly discovered evidence or applicable change in the controlling caselaw that would warrant reconsideration. Rather, the motion is a rehashing of arguments and evidence already presented to the court in the class certification motion. Although Ms. Green has adjusted the focus of certain arguments and expanded on portions of her analysis in her motion to reconsider, she relies on caselaw and evidence that were available to her before we issued our ruling. As noted above, it is well-established that a motion for reconsideration does not serve as an opportunity for a party to reframe the same evidence and arguments originally presented to the court or to bring forward caselaw or additional evidence that

could have been presented previously. Ms. Green clearly disagrees with our decision denying class certification, but such disagreement alone does not provide sufficient grounds for reconsideration. Because Ms. Green has failed to establish any proper basis on which the Court should grant her Rule 60 motion, her motion to reconsider is DENIED.[1]

    IT IS SO ORDERED.

Date:    07/29/2015

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] In the last paragraph of her brief in support of her motion for reconsideration, Ms. Green alternatively proposes to dismiss her claims related to the alleged collection of time-barred debts if the Court certifies a class solely for her creditor misidentification claims. Requesting such relief, to wit, to amend her complaint and dismiss certain claims, in a brief in support of a motion to reconsider is procedurally improper, and thus, has not been considered. *See* Local Rule 7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court.").

Distribution:

Steven James Halbert
shalbertlaw@aol.com

Paul Gamboa
GORDON & REES LLP
pgamboa@gordonrees.com

Craig J. Mariam
GORDON & REES, LLP
cmariam@gordonrees.com

Ryan T. Brown
GORDON & REES, LLP
rtbrown@gordonrees.com

Angie K. Robertson
PHILIPPS AND PHLIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHLIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHLIPPS, LTD.
mephilipps@aol.com